Honorable James S. McGrath Criminal District Attorney Jefferson County P.O. Box 2553 Beaumont, Texas 77704
Re: Election of commissioners in Jefferson County Drainage District No. 7
Dear Mr. McGrath:
You have asked for an opinion construing language in section 4 of the act establishing Jefferson County Drainage District No. 7 respecting the appointment or election of commissioners "as long as five municipalities exist within the district." Acts 1962, 57th Leg., 3rd C.S., ch. 34, at 98; Acts 1977, 65th Leg., ch. 614, at 1520. As amended, the provision now reads:
 Sec. 4. The management and control of the District shall be vested in five Commissioners. Except as provided by this Act, the General Laws of the State of Texas relating to the Commissioners of drainage districts shall apply to the Commissioners of the District. The present Commissioners of the District shall remain in office for the remainder of their terms of office, and the provisions of Sections 56.061 through 56.063, Water Code, and Article 8161b, Sec. 7, Revised Civil Statutes of Texas, 1925, as amended, shall apply to the Commissioners of the District. Section 56.064, Water Code, as amended, shall apply to this District, except that the Commissioners Court shall order the election on petition of at least 20 percent of the real property taxpayers of the district, and that five Commissioners shall be elected at large if an election is ordered under that section, with the Commissioners Court selecting the fifth Commissioner from the persons tying for fifth place in the event of a tie. After the expiration of the terms of the present Commissioners, no more than one Commissioner shall be appointed and/or elected from any one municipality as long as five municipalities exist within the district. For all purposes, a quorum for doing business shall consist of a majority of the Commission. (Emphasis added).
You indicate that interpretation is necessary because two of the municipalities that formerly existed within the district have now merged so that there now exist only four municipalities within the district rather than five. The provision was last amended in 1977 and the terms of the commissioners who were then the "present commissioners" have since expired. Water Code §§56.061-56.064.
Section 5 of the federal Voting Rights Act of 1965,42 U.S.C. § 1973c (1982), as amended, prohibits a state or political subdivision subject to the Act from enforcing "any voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting different from that in force and effect on November 1, 1964," unless one of two conditions has occurred. The political subdivision is required either to secure a declaratory judgment from the U.S. District Court of the District of Columbia that such change "does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race or color" or to obtain clearance for the change from the Attorney General of the United States. See Beer v. United States, 425 U.S. 130 (1976). As the Supreme Court declared in Beer,
 . . . the purpose of section 5 has always been to assure that no voting-procedure changes would be made that would lead to a retrogression in the position of racial minorities with respect to their effective exercise of the electoral franchise.
425 U.S., at 141. Texas and its political subdivisions fall within the scope of section 5.
Any change in the present procedure for selection of commissioners, i.e., any deviation from the present geographical basis for selection in order to conform to new political boundaries, including the selection of all commissioners on an at-large basis, might lead to the kind of retrogression which the Court condemned in Beer. Selection on an at-large basis would remove entirely any residency requirement for District commissioners and subject the electoral scheme to a challenge that it dilutes minority voting strength, White v. Regester,412 U.S. 755 (1973). In our opinion, section 5 of the Voting Rights Act could invalidate any election result based on any deviation from the current scheme of apportionment unless approval for change is obtained from federal authorities. Accordingly, unless and until the District complies with the requirements of that statute — by obtaining either a declaratory judgment from the U.S. District Court for the District of Columbia or preclearance from the Attorney General of the United States — District commissioners should continue to be selected from their present geographical areas, or until such time as the Texas Legislature takes action to modify the governing statute.
 SUMMARY
Unless and until the Jefferson County Drainage District No. 7 complies with the requirements of section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c (1982), by obtaining either a declaratory judgment from the District Court for the District of Columbia or preclearance from the Attorney General of the United States, District commissioners should continue to be selected from their present geographical areas.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Rick Gilpin Assistant Attorney General